The Chief Jtstice
delivered the opinion of the court.*
This was a contest for land under adverse rights. The appellant, who was complainant in the circuit court, assert? His claim in virtue of two entries upon treasury warrants, the one made the 9th of November and,the other the 3d of December, 1781, but neither of them was surveyed until alter the expiration of the t:me limited by law for making surveys upon such entries in general. The appellant howr ever, contends, that his right to survey in this case was saved, because in 1785 he resided in Lincoln county, in the surveyor’s office of which county the entries were made, an(' ^lat *le *las em> s*>ice continued to reside in what were then the boundaries of that county. But in answer to this ¡t may be sufficient to remark, that the appellant’s residence was Within what became the boundaries of Madison coun* ty, which was taken from Lincoln by an act of 1785, and that the lands located by the entries in question, lay in Lincoln and not in Madison.
Under such circumstances it was held in the case of Badger against Chiles, 4 Bibb, 112, that the right of surveying enlr'es wa^ not saved, unless the owner of entry had apP°in,e|3 an agent in the county where the lands lay, and notified the surveyor thereof of such appointment, in con-fornlity to the requisitions of an act of 1785, and the sub-se!luent acts prolonging the time for performing those requisitions; and as thé appellant has not shewn that he has done this, his entry must be deemed void. Assuming then t^e enirjes ⅝0 be void on this ground, it results, as aneces-sary. consequence, that the circuit court did not err in re *463 fusing to continue the cause, on the application of the 'appellant, for he has alledged in his affidavit, on which his application was founded, nothing which would tend to shew that he had a right to survey after the timé limited by law for making surveys on such entries had expired; and whatever might be the aspect which he might, by being allowed longer time, have been able to give to his case in other respects, it is plain, if his right to survey did not exist when his surveys were made, and his entries be void, that he could hotJbe entitled to a decree in his favor.
Bibb for appellant.
The decree of the circuit Court, dismissing the bill,-was, therefore, correct, and must be affirmed wdth costs.

Absent, Jtmss Uwsux.